UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|   |   |
|---|---|
| JOHN FITZGERALD STEVENS #397191, | |
| Petitioner, | Case No. 1:08-cv-84 |
| v. | HONORABLE PAUL L. MALONEY |
| BRUCE CURTIS, | Magistrate Judge Ellen S. Carmody |
| Respondent. | |

**OPINION and ORDER**

**Overruling the Petitioner's Objections and Adopting the R&R;
Denying the 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus;
Declining to Issue a Certificate of Appealability;
Terminating and Closing the Case**

In December 2005, defendant-petitioner John Fitzgerald Stevens ("Stevens") pled guilty to one charge of conducting a criminal enterprise ("CCE"), and in return the prosecution agreed to recommend dismissal of the three other charges (acquiring and maintaining an interest in a criminal enterprise, using a computer to commit a felony, and being a habitual felon-fourth offense) and a five-year cap on his sentence. A Michigan state trial court sentenced Stevens to 5-20 years in prison in February 2006, and he timely appealed to the Michigan Court of Appeals on two issues: (1) did the court err in failing to give credit for all time served, where the police and prosecutor violated his due process rights by delay in obtaining an arrest warrant, while Stevens was already continuously incarcerated for another conviction, and (2) must a corrected Pre-Sentence Report ("PSR") be sent

to the Michigan Department of Corrections ("MDOC") which reflects the changes ordered by the trial judge at sentencing? In June 2006, the Michigan Court of Appeals denied Stevens leave to appeal on the time-served issue "for lack of merit" but remanded his case for the circuit court to correct the PSR to reflect eight rather than ten prior felonies; Stevens moved for leave to appeal in the Michigan Supreme Court later granted his request to voluntarily dismiss the attempted appeal in November 2006.

Stevens then filed a motion for relief from judgment, which the state circuit court denied in December 2006, and he asserted four assignments of error on appeal: (1-3) on direct appeal, appellate counsel was constitutionally ineffective in three respects (failure to argue that the trial judge's acceptance of guilty plea was unconstitutional, that the four-year delay in prosecution constituted prosecutorial misconduct and violated the Fifth/Sixth/Fourteenth Amendments and the Speedy Trial Act, and that the Kent County Prosecutor illegally arraigned Stevens in Walker District Court which lacked jurisdiction); and (4) the trial judge violated Constitution by accepting Stevens' guilty plea, and by denying his MICH. CT. R. 6.500 motion and refusing to hold an evidentiary hearing which would have developed a record regarding the ineffective-assistance-of-counsel claim. The Michigan Court of Appeals denied leave to appeal in July 2007, and Stevens timely sought review from the Michigan Supreme Court, asserting roughly the same ineffective-assistance-of-appellate claims (adding appellate counsel's "failure" to file an interlocutory appeal), and an additional argument regarding the trial court's denial of Stevens' right to have his sentence run concurrently with his 2001-2002 sentence due to the prosecutor's four-year delay in prosecuting him on the instant charges (in violation of the 14th Amendment and MICH. CT. R. 6.004's 180-day rule). In November 2007 the Michigan Supreme Court declined to review the denial of Stevens' motion

for relief from judgment, and he timely filed the instant 28 U.S.C. § 2254 petition for a writ of habeas corpus in January 2008.

On June 2, 2010, the Honorable Ellen S. Carmody, United States Magistrate, issued a Report and Recommendation ("R&R") recommending that Stevens' § 2254 petition be denied for lack of merit (Doc 42), and Stevens timely filed objections on June 15, 2010 (Doc 43). Seeing no need for an opposition brief from respondent Curtis, the court proceeds to the R&R and finds that it is well-reasoned and is not undermined by Stevens's objections. The Magistrate Judge properly elected to avoid the procedural-default issue and instead rely on the claims' lack of merit as the basis for dismissal.

Stevens's First Claim: Ineffective Trial Counsel & Judge's Erroneous Acceptance of Invalid Guilty Plea without Factual Basis

The first claim in Stevens's petition contends that his trial counsel provided constitutionally ineffective representation by (1) failing to tell the court that Stevens was innocent of the crimes charged and (2) misleading Stevens into believing that he had committed the crimes charged. Stevens's first claim further contends that the Michigan trial judge violated his constitutional rights by accepting his guilty plea without ascertaining whether he had actually committed the crimes charged. As the Magistrate noted (R&R at 9), a guilty plea is not valid unless it is made "knowingly, voluntarily, and intelligently," *see also US v. Payton*, No. 08-1628, – F. App'x -, –, 2010 WL 2331053, *1 (6th Cir. June 9, 2010) (Daughtrey, Gilman, Sutton) (citing *Brady*, 397 U.S. at 748), and the defendant must have "sufficient awareness of the relevant circumstances and likely consequences of" his plea, and "*fully* aware of the direct consequences", *Ruelas v. Wolfenbarger*,

580 F.3d 403, 408 (6th Cir. 2009) (citing *Brady*, 397 U.S. at 748 and 755), *cert. denied*, 78 U.S.L.W. 3454, – U.S. –, – S.Ct. –, 2010 WL 285693 (U.S. May 24, 2010) (No. 09-882).

As the Magistrate also correctly noted (R&R at 10), it is warden Curtis's burden to establish that Stevens's plea met this standard, and the burden is generally considered satisfied by producing a transcript of the plea colloquy, *see also Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir. 2004) (Batchelder, Moore, Caldwell). This court is inclined to agree that the portion of the plea colloquy transcript quoted by the Magistrate Judge (R&R at 10-13) establishes that Stevens's guilty plea was knowing, voluntary and intelligent, including his express acknowledgement that he was surrendering his *right* to appeal to the Michigan Court of Appeals and would be authorized only to seek *leave* to appeal to that court, *see* R&R at 14 (citing Transcript at 5), and that he was not confused about the identity and nature of the crime to which was pleading.

But a federal habeas court need not decide whether it would have found the plea knowing and voluntary, if it were making the determination in the first instance. Rather, a federal habeas court need only decide whether the state court acted contrary to or unreasonably applied clearly established federal law (for legal determinations) or whether it clearly erred (for factual findings). The state trial judge did not clearly err in making any factual finding with regard to the knowing, voluntary, intelligent nature of the plea, nor did he commit legal error in determining, based on those findings, that Stevens's guilty plea was knowing, voluntary, and intelligent. *See generally US v. Dixon*, 479 F.3d 431, 434 (6th Cir. 2007) ("The issue of whether a plea was knowing, voluntary, and intelligent is a legal question that this Court reviews *de novo*. The underlying factual bases relied upon by the district court are reviewed for clear error.") (citing, *inter alia*, *US v. Jones*, 403 F.3d 817, 822-23 (6th Cir. 2005) (*de novo* review of legal determinations) and *US v. Osborne*, 402 F.3d

626, 630 (6th Cir. 2005) (clear-error review of factual findings underlying the legal determination));
*cf., e.g., US v. Ginn*, 134 F. App'x 896, 898 (6th Cir. 2005) (per curiam) (Kennedy, Cook, E.D. Tenn. D.J. Thomas Varlan) (on direct appeal, holding that district court did not clearly err in finding guilty plea knowing, intelligent and voluntary; although defendant after sentencing claimed he had not understood that the government's sentencing recommendation was not binding on the court, he had stated before entering into the agreement that he understood the recommendation was not binding, and at sentencing he had acknowledged reading the plea agreement language which stated that the recommendation was not binding).

The second part of Stevens's first habeas claim is even more readily disposed of. Stevens contends that the state trial judge violated his constitutional rights by accepting his guilty plea without adequately ascertaining whether there was a factual basis for the plea. As the Magistrate Judge noted, there is no federal constitutional requirement that a state court establish a factual basis before accepting a guilty plea, *see* R&R at 14-15 (citing three district-court decisions).[1] Because Stevens's petition is subject to AEDPA, he cannot obtain habeas relief unless he identifies some "clearly established federal law" – which is confined to binding precedent, i.e., the holdings of the United States Supreme Court and the holdings of the U.S. Court of Appeals for the Sixth Circuit in its published decisions – which was in effect at the time of his plea colloquy and which the state trial judge violated. He has identified no such federal Sixth Circuit precedent. *See Terrell v. Trippett*, No. 94-1934, 51 F.3d 273, 1995 WL 140836, *1 (6th Cir. Mar. 29, 1995) (per curiam) (Milburn, Norris, W.D. Mich. D.J. Wendell Miles) (affirming denial of § 2254 petition and stating, "Terrell

---

[1] In contrast, in our Circuit a *federal* judge commits plain error, as a matter of law, when he fails to comply with FED. R. CRIM. P. 11(b)(1)(G)'s requirement of ensuring the existence of a factual basis for a guilty plea. *See US v. Lalonde*, 509 F.3d 750, 759 (6th Cir. 2007).

has not established that the proceedings in state court were fundamentally unfair or that the proceedings resulted in his unjust confinement. [T]he record supports the district court's conclusion that Terrell's plea was entered into knowingly, voluntarily and intelligently, considering the totality of the circumstances. *A factual basis for the plea is not required by the Constitution; such requirement stems only from Federal Rule of Criminal Procedure 11*.") (emphasis added, other internal citations omitted) (citing *US v. Timmreck*, 441 U.S. 780, 783 (1979) (unanimous)).[2]

The court reproduces Stevens's Objections on this first habeas claim only to show that they do nothing to undermine the Magistrate Judge's reasoning and conclusion. After asserting that he is innocent of the crime to which he pled guilty, Stevens writes as follows:

> The F.B.I. & the M.S.P. both have investigated the crime(s) and have submitted evidence and reports to the state prosecution that were enhanced to C.C.E. [continuing criminal enterprise] once they couldn't file for I.D. Theft. And instead of doing the right thing and charging a lesser offense, they raised the charges and instructed my attorney to sell it to me and in fact lie. Plain and simple. Judge Carmody has/had all this proof and still came to the wrong conclusion on "Actual Innocence" grounds as submitted in the § 2254 Petition. The Magistrate erred in her R&R according to established Supreme Court rulings.
>
> The plea transcripts cannot show that in private the defense attorney convinced me that I was in fact guilty of Racketeering and not identity theft/fraud. The petition also illustrates the deception and I'm educated enough in the law to know that there is a difference in pleading guilty to I.D. Theft rather than R.I.C.O. which in the transcript I in fact did plead guilty to I.D. Theft according to the questions asked, and the statements made by the court and the prosecution. It was not until six months later that I realized that I had been innocent of the C.C.E. and that I was tricked into pleading guilty to a lie. It's that simple. I actually believed that I was in fact guilty of CCE when I plead guilty. The [state] Circuit Court[']s plea colloquy never alluded to any other charge except Identity Theft. The Circuit Court never

---

[2] The Sixth Circuit has stated only that while "state courts are not required to follow the procedures set forth in Rule 11, FED. R. CR. P., in accepting guilty pleas, an on-the-record inquiry to determine the factual basis for the plea . . . is *advisable*." *Jones v. Parke*, 734 F.2d 1142, 1148 (6th Cir. 1984) (C.J. Lively, Jones, Sr. D.J. Phillips) (emphasis added) (citing *Wiley v. Sowders*, 647 F.2d 642 (6th Cir. 1981) and *Scranton v. Whealon*, 514 F.2d 99 (6th Cir. 1975)).

> mentioned the criminal activity which involved racketeering nor any racketeering predicates. Therefore, since the state court judge didn't mention the actual charges as "Organized Crime" I believed my attorney and thought my crime was Identity Theft and that by some law that made it a R.I.C.O. offense, which was a lie. Therefore, the plea was involuntary and unintelligent according to the "Boykins" Supreme Court rulings in several cases including *Jackson v. Virginia - Id. See, People v. Saffold*, 465 Mich. 268 (2001) quoting also, *US v. Cotal-Crespo*, 47 F.3d 1 (1st Cir. 1995).
>
> Despite what unpublished cases this magistrate presents, the constitution dictates that before a guilty plea can be taken there must be a finding of guilt on the part of the defendant by the circuit court judge accepting the plea, and that judge MUST know what the charges entail. In this case the Circuit Court Judge DIDN'T. This Federal Court must determine whether or not the Petitioner KNEW what he was pleading to, not assumptions as the [M]agistrate alluded to in the R&R. Also see, *McCarthy v. US*, 394 [U.S.] 459, 466 (quoting *Johnson v. Zerbst*). "Unless the defendant FULLY comprehends the elements of the crime to which he is confessing, his plea 'CANNOT' be said to have been knowingly and voluntarily entered." *LeDonne*, 21 F.3d at 1423 ([c]iting *Muss*, 946 F.2d at 1302). This guilty plea cannot stand due to the fact that the transcripts show an unintelligent court and a plea colloquy that only points to I.D. Theft.
>
> I have demonstrated to the [M]agistrate that a "Strong" degree of confusion DID in fact exist at the crucial plea hearing and the exact nature of the charges were/are in question. I was led to believe that I.D[.] theft WAS racketeering. An evidentiary hearing and oral arguments must be held by this court.

Stevens's Objections (Doc 43) at 1-3. Stevens asserts that "the transcripts" show an unintelligent, confused plea, but he fails to quote any actual language from the plea colloquy transcript, nor does he even cite pages or lines from the transcript which he believes support this argument. Stevens has not pointed to language suggesting that he thought he was pleading guilty to identity theft or some other offense, or that he believed identity theft was all he had done but necessarily constituted racketeering or the conduct of a criminal enterprise.

    Moreover, Stevens identifies no U.S. Supreme Court holding or published Sixth Circuit Court of Appeals holding which required the state trial judge to discuss with him the nature and elements of the crimes for which the prosecution agreed to dismiss charges, let alone to discuss with

him whether his conduct might or might not also render him guilty of offenses other than the one to which he pled guilty. The court also reminds Stevens that on a section 2254 habeas petition governed by AEDPA, a federal court's only inquiry is whether the state courts violated "clearly established federal law", and neither a Michigan state-court decision (*People v. Saffold*) or the decision of some federal court outside our circuit (*US v. Cotal-Crespo*) constitutes "clearly established federal law" in our circuit.

Stevens's Second Claim:  Ineffective Assistance of Trial and Appellate Counsel

Stevens's second claim contends that trial counsel rendered constitutionally ineffective assistance by failing to inform him that he was actually innocent of the offense to which he was considering pleading guilty (conducting a criminal enterprise), and that if he pled guilty, he would be giving up his right to appeal constitutional issues that had been raised in the trial court, even after Stevens made clear that he wished to pursue these constitutional issues and in fact filed his own briefs in the circuit court before the plea hearing. The second claim further contends that both trial and appellate counsel rendered constitutionally ineffective assistance by failing to raise the prosecutorial-misconduct (delayed prosecution) issue in the trial and appeals courts, respectively.

First, the Magistrate reaches the simple, unassailable conclusion that Stevens's trial counsel could not have performed deficiently by "failing" to advise Stevens that he was innocent of CCE, because Stevens acknowledged in open court that he was guilty of the CCE offense, *see* R&R at 16, and Stevens's objections do nothing to undermine this conclusion. The court also agrees with the Magistrate Judge's conclusion that any deficient performance by Stevens's trial attorney cannot have prejudiced him in the constitutional sense because he has not claimed he was innocent of the charges

which the prosecution dropped as part of the plea, and because he would have faced prison sentences of 20 years on each of two dropped charges – possibly run consecutively to the sentence on the CCE offense – and *life* imprisonment if also convicted of committing the offenses after being four times previously convicted of felonies, *see* R&R at 17.

The Magistrate Judge also correctly determined that Stevens's trial counsel did not perform deficiently by "failing" to inform him that he could enter a conditional guilty plea and thereby preserve his right to assert on appeal that the prosecution's delay in charging him violated his constitutional right to a speedy trial, because the U.S. Supreme Court has held that the right to a speedy trial is not triggered until the defendant is the subject of an indictment or information or is arrested and otherwise held to answer a criminal charge, R&R at 18. *See also Doggett v. US*, 505 U.S. 647, 651-52 (1992) ("Simply to trigger a speedy trial analysis, an accused must allege that the interval between *accusation* and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay . . . .") (citing *Barker v. Wingo*, 407 U.S. 514, 530-31 (1972)) and *id.* at 663 ("[B]eing an accused is necessary to trigger the [Speedy Trial] Clause's protection . . . ."); *US v. MacDonald*, 456 U.S. 1, "[T]he Speedy Trial Clause of the Sixth Amendment does not apply to the period before a defendant is indicted, arrested, or otherwise officially accused . . . .") (citing *US v. Marion*, 404 U.S. 307, 313 (1971)).

The court also agrees with the Magistrate Judge that to the extent that Stevens meant to argue that the delay in indicting him violated his federal constitutional rights – because the prosecution allegedly "could have" indicted him in 2001 or early 2002 but did not indict him until May 2005 – that argument fails as well. The Supreme Court has held that "'prosecutors are under no duty to file charges as soon as probable cause exists but before they are satisfied they will be able to establish

the suspect's guilt beyond a reasonable doubt'", *US v. Caruthers*, 586 F. Supp. 26, 28 (M.D. Tenn. 1984) (Neese, Sr. J.) (quoting *Lovasco*, 431 U.S. at 791), and Stevens fails to present evidence suggesting that the pre-indictment delay was an intentional device by the prosecution to gain some tactical advantage, as required by our Sixth Circuit precedents. *See* R&R at 19; *see also US v. Schaffer*, 586 F.3d 414, 424 (6th Cir. 2009) (citing *US v. Greene*, 737 F.2d 572, 574 (6th Cir. 1984) and *US v. Brown*, 667 F.2d 566 (6th Cir. 1982)), *cert. denied*, – U.S. –, 130 S.Ct. 1921 (2010).

**Because Stevens has failed to show that he had arguably meritorious claims on the foregoing issues, his trial and appellate counsel cannot have been deficient for "failing" to assert such claims at any level.** *See* R&R at 19-20; *see also Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010) (Boggs, joined by Batchelder) ("'[C]ounsel cannot be ineffective for a failure to raise an issue that lacks merit.'") (quoting *Girts v. Yanai*, 501 F.3d 743, 753 (6th Cir. 2007)), *pet. cert. filed on other grounds* (U.S. June 11, 2010) (No. 09-11359); *Weston v. Preslesnik*, 2010 WL 775581, *4 (W.D. Mich. Mar. 2, 2010) (Maloney, C.J.) ("'By definition . . . counsel cannot be ineffective for a failure to raise an issue that lacks merit.'") (quoting, *inter alia*, *Greer v. Michel*, 264 F.3d 663, 676 (6th Cir. 2001) and citing *Burton v. Renico*, 391 F.3d 764, 780 (6th Cir. 2004) ("[A] constitutional claim based on the absence of an instruction regarding mitigation or justification in this case lacks merit, so it cannot be said that failure to raise such an objection on direct appeal constituted ineffective assistance.'") and *Ashe v. Jones*, No. 98-1324, 2000 WL 263342, *4 (6th Cir. Feb. 29, 2000) (not in F. App'x or F.3d) ("Kujenga's trial counsel was not required to make a meritless objection as to its admission.")).

Finally, Stevens's objections contend that by unreasonably delaying his indictment, the prosecution violated MICH. COMP. LAWS § 768.76(B) and/or Michigan statutes and case law governing consecutive and concurrent sentencing. *See* Stevens's Objections at 3-4. Even if this claim were meritorious, it would not provide any basis for federal habeas relief. "'[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" *Daniels v. McKee*, 2009 WL 2351767, *6 (W.D. Mich. July 29, 2009) (Maloney, C.J.) (quoting *Condon v. Wolfe*, 310 F. App'x 807, 824-25 (6th Cir. 2009) (Moore, Griffin, 8th Cir. J. Myron Bright) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991))) and citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("federal habeas corpus relief does not lie for errors of state law")); *see, e.g., McMurtry v. Berghuis*, 2009 WL 929012, *5 n.2 (W.D. Mich. Apr. 3, 2009) ("Alleged violations of state law do not provide a basis for federal habeas corpus relief. [A]ll petitioner's arguments claiming violations of his rights under Michigan's constitution have been disregarded.") (internal citations omitted). Our Circuit has applied this rule in this very context, holding that no fundamental miscarriage of justice would occur if a federal habeas court followed the usual practice and declined to entertain a state prisoner's claim that his consecutive sentences violated state law. *See Floyd v. Alexander*, 148 F.3d 615 (6th Cir. 1998).

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), "'the court should grant a COA for an issue raised in a § 2254 [or § 2255] petition only if the petitioner has made a substantial showing of the denial of a federal constitutional right.'" *Wardlaw v. Howes*, 575 F. Supp.2d 820, 821 (W.D. Mich. 2008) (Maloney, C.J.) (quoting *Harbison v. Bell*, 503 F.3d 566, 568 (6th Cir. 2007), *cert. denied*, – U.S. –, 128 S.Ct.

1479, *cert. granted o.g.*, – U.S. –, 128 S.Ct. 2959 (2008)). To satisfy this standard, "the petitioner must demonstrate that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues raised are 'adequate to deserve further review.'" *Wardlaw*, 575 F. Supp.2d at 821(quoting *Harbison*, 503 F.3d at 569 (citing *Banks v. Dretke*, 540 U.S. 668, 705 (2004)). *See also Butz v. Berghuis*, 2009 WL 33462, *6 (W.D. Mich. Jan. 5, 2009) (Maloney, C.J.) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) and *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir.) (p.c.) (Siler, Cole, Cook) (citing *Banks*, 540 U.S. at 674), *cert. denied*, – U.S. –, 129 S.Ct. 1057 (2009)).

The U.S. Supreme Court disapproves of blanket denials of certificates of appealability. *Colwell v. McKee*, 2009 WL 125223, *3 (W.D. Mich. Jan. 16, 2009) (Maloney, C.J.) (citing *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001)). Rather, this court "must 'engage in a reasoned assessment of each claim' to determine whether a certificate is warranted." *Oatis v. Caruso*, 2009 WL 80347, *4 (W.D. Mich. Jan. 8, 2009) (Maloney, C.J.) (citing *Murphy*, 263 F.3d at 467).

The petitioner need not show, however, that he is likely to succeed on appeal. *See Wardlaw*, 575 F. Supp.2d at 821 (citing *Miller-El*, 537 U.S. at 337); *Workman v. Bell*, 484 F.3d 837, 842 n.3 (6th Cir. 2007) (distinguishing standard for stay pending appeal, which focuses on appellant's likelihood of success on the merits, from the COA standard, which requires a lesser showing), *reh'g & reh'g en banc denied* (6th Cir. May 7, 2007). "'[I]t is consistent with § 2253 that a certificate of appealability will issue in some instances where there is no certainty of ultimate relief.'" *Wardlaw*, 575 F. Supp.2d at 821 (quoting *Walker v. Carlton*, 114 F. App'x 687, 690 (6th Cir. 2004) (quoting *Miller-El*, 537 U.S. at 337)).

Nonetheless, petitioner Stevens does not meet the standard for a COA, because other

-12-

reasonable jurists would not find debateable or wrong the determination that he has not shown any error by the state courts which is reversible under the AEDPA standard. Nor has he presented any issues "adequate to deserve further review."

# ORDER

Petitioner Stevens's objections **[doc #43] are OVERRULED**.

The Report & Recommendation **[doc #42] is ADOPTED**.

The 28 U.S.C. § 2255 petition for a writ of habeas corpus [document #1] is **DENIED**.

This case is **TERMINATED** and **CLOSED**.

The separate Judgment required by Fed. R. Civ. P. 58 is being entered contemporaneously.

This is a final order, but the court **DECLINES** to issue a certificate of appealability.[3]

**IT IS SO ORDERED** on this  30th  day of June 2010.

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge

---

[3]

This court's refusal to issue a COA is not appealable. *Torres v. Davis*, 2009 WL 613550, *4 n.5 (W.D. Mich. Mar. 9, 2009) (Maloney, C.J.) (citing, *inter alia*, *Sims v. US*, 244 F.3d 509, 509 (6th Cir. 2001) ("[W]e hold that an order denying a certificate of appealability is not appealable."), followed by *Crowley v. Renico*, 81 F. App'x 36, 37 (6th Cir. 2003) and *US v. Badru*, 2008 WL 1683113, *1 (D.C. Cir. July 27, 2004) (p.c.) (Rogers, Tatel, John Roberts)). The petitioner remains free to seek a COA from the U.S. Court of Appeals for the Sixth Circuit under FED. R. APP. P. 22.